Minute Order Form (06/97)

# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4478 | **DATE** | 7/12/2001 |
| **CASE TITLE** | Dean Foods Company etc. et al. Vs. White Wave, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. White Wave moves to dismiss or, alternatively, to transfer or stay proceedings. We grant the motion to stay.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 16 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | 15 |
| | Mail A 450 form. | FILED FOR DOCKETING 01 JUL 13 AM 8:50 | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

DEAN FOODS COMPANY, a Delaware )
corporation, and DEAN DIP AND )
DRESSING COMPANY, a Delaware )
corporation, )
)
Plaintiffs, )
)
vs. ) No. 01 C 4478
)
WHITE WAVE, INC., a Colorado )
corporation, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Dean Dip and Dressing Company (Dean Dip), a subsidiary of Dean Foods Company, owns 36% of White Wave's common stock and has an option to purchase the remainder. That agreement is governed by Colorado law. It gives White Wave a right of first refusal in the event of an attempt to transfer any interest in the shares held by Dean Dip to a third party. Dean Foods now proposes to merge with a wholly-owned subsidiary of Suiza Foods Corp., a direct competitor of White Wave. Not at all pleased with that prospect, White Wave sent a proposed complaint to Dean Foods on June 12, 2001, which Dean Foods received early on June 13, 2001. White Wave also sent a proposed standstill agreement and advised Dean Foods that if it did not execute and return the standstill agreement by 4:30 p.m. on June 13, 2001, as a prelude to negotiations, White Wave would then file its complaint in Colorado.

Dean Foods (and Dean Dip) did not respond. Rather, at 4:29 p.m. that same day, they filed a declaratory action against White Wave in this district. White Wave, having heard nothing, filed its complaint at 4:56 p.m., some 27 minutes later. White Wave moves to dismiss or, alternatively, to transfer or stay proceedings. We grant the motion to stay.

This action is, technically speaking, the first filed, although it was almost a dead heat. Venue is proper here, and it is hard to say which is the more convenient forum overall, although clearly Colorado is more convenient for White Wave and Illinois is more convenient for Dean Foods. The action here is no longer just for declaratory relief – plaintiffs filed a slander of title claim when faced with White Wave's argument that this court had inherent discretion whether or not to entertain claims for declaratory relief. White Wave may well be stretching the right-of-first-refusal language beyond what it is capable of bearing. Negotiations may well have been fruitless.

Clearly, however, if White Wave had filed suit on June 12, 2001, we would have no suit here. We must assume that White Wave hoped for some negotiated resolution, without litigation, or otherwise its conduct makes no sense. This action for declaratory relief, filed one minute before the deadline, was unquestionably a preemptive strike to localize the case here rather than in a coercive suit by White Wave in Colorado. Plaintiffs seem to contend that the first-filed "rule" exceptions relate to the discretionary nature of declaratory judgment actions, and here they added a damages claim. We recognize that <u>Tempco Electric Heater Corp. v. Omega Engineering, Inc.</u>, 819 F.2d 746, 750 (7th Cir. 1987), emphasized that the action was for declaratory relief, but the court made clear that it was primarily concerned that an inflexible first-to-file rule would "encourage an unseemly race to the courthouse and, quite likely, numerous unnecessary suits ...." This court has the inherent power and discretion to defer to another federal proceeding the same parties and issues to avoid duplicative litigation, <u>Trippe Mfg. Co. v. American Power Conversion Corp.</u>, 46 F.3d 624, 629 (7th Cir. 1995), and this case is, essentially, a duplication. We defer to the federal action in Colorado for the same reasons discussed by Judge Lindberg in <u>Eli's Chicago Finest, Inc. v. The Cheesecake Factory, Inc.</u>, 23

F.Supp.2d 906, 907-09 (N.D. Ill. 1998). We will, however, stay this action rather than dismissing or transferring it, in the unlikely event that the Colorado action cannot provide complete relief.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

July 12, 2001.